The Chief Justice
delivered the opinion of the court.
This was an attachment sued out from a justice of the peace for Fayette county, by Plumpton against Cook, as an absconding debtor, and returnable to the circuit court that county. On calling the suit, the circuit court on the motion of the defendant, dismissed, the attachment for the following reasons:
1. Because the attachment does not alledge that Cook was, or had been, last a resident of the county.
2. Because the bond was not dated.
3. Because the bond recites an attachment against the personal estate, when the attachment produced is against *451 the goods, chattels, and slaves. From the judgment dismissing the attachment, Plumpton has appealed to this court.
An attachment must issue from a justice of the county, where def't was last commonant, or if the fact be so, it need not be set forth in the attachment.
An attachment bond need not be date; at common law a bond takes effect by delivery.
Slaves properly come under the appellation of "personal estate" in attachments.
Neither of the reasons assigned by the circuit court, appear to us sufficient to justify the judgment dismissing the attachment.
That an attachment can only be regularly issued from a justice of the peace of the county where the debtor was, or had been, last a resident, is settled, and without doubt, correctly settled by the adjudication of this court. Hard. 95, 1 Marsh. 249—But those adjudications only require the fact to be so, and not that it should be alledged in the attachments; and it is believed to be the general, if not, the universal practice of the county to issue attachments without such an allegation. An attachment, no doubt, should contain a statement of every thing which is necessary to justify that mode of proceeding, as the existence of the debt, and the absconding of the debtor, or his privately removing from the county. But the place of the debtor’s residence stands upon a different footing. For it is material not, as to the mode of proceeding, but only as to the county where the proceedings are to be had.
If the fact be, that the debtor was not, or had not been, last a resident of the county where the attachment issued, it will be at the peril of the plaintiff, and the defendant may avail himself of that matter, to abate or quash the attachment, in the same manner as he may do of any other matter of defence which is de hors the record.
As to the second reason assigned by the circuit court for its judgment, it is sufficient to remark, that the act of assembly under which these proceedings were had, does not require the bond to be dated; and at common law a bond without a date is as valid as one with a date. The want of a date, therefore, cannot vitiate the bond.
The third reason assigned for the judgment of the circuit court, must be predicated upon the supposition, that between the recital in the bond of an attachment against personal estate, and the attachment as it issued being against slaves, as well as goods and chattels, there was an essential variance But slaves are, in their nature, as much personal estate as goods and chattels, and are expressly made liable to an attachment. It is true, that by the positive law of this country, slaves are declared to be real estate; but by the same law there are to that rule so many exceptions *452 that they may, at least, in common parlance, and to a common intent, be sufficiently described as personal estate—And as the law requires no technical form of recital in the bond, it is sufficient that it substantially, and to a common intent, agrees with the attachment.
Haggin for appellant.
The judgment must be reversed with costs, and the cause remanded for a new proceeding to be had not inconsistent with the foregoing opinion.